UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-533** |
| **REGIONS BANK et al.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

In this litigation, Plaintiff Nicholas Johnson ("Johnson") brings a negligence claim under Louisiana law against Defendant Regions Bank ("Regions Bank") and other "unidentified parties."[1] Before the Court is Johnson's "Motion to Remand."[2] In the instant motion, Johnson argues that this case should be remanded to state court because this Court lacks diversity jurisdiction under 28 U.S.C. § 1332.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On July 15, 2018, Johnson and his partner, David Taylor ("Taylor"), allegedly traveled to Regions Bank.[4] Johnson maintains that he withdrew $40 from an ATM located near Regions Bank's entrance.[5] A few days later, on July 19, 2018, one of Regions Bank's customers allegedly

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 13.

[3] *Id.*

[4] *Id.*

[5] Rec. Doc. 1-1 at 3–4.

1

reported bank fraud in the amount of $800.[6] Johnson alleges that Regions Bank sent video footage to the Kenner Police Department to assist in the department's bank fraud investigation.[7] But Johnson asserts that Regions Bank negligently and incorrectly sent video footage of Johnson to the Kenner Police Department.[8] According to Johnson, because Regions Bank sent the incorrect footage to the Kenner Police Department, the department falsely arrested him for committing bank fraud.[9]

On December 23, 2019, Johnson filed a petition against Regions Bank in the 24th Judicial District Court for the Parish of Jefferson, seeking damages and attorney fees.[10] On February 14, 2020, Regions Bank removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[11] On April 15, 2020, Johnson filed the instant motion to remand this case to the 24th Judicial District Court for the Parish of Jefferson.[12] On April 28, 2020, Regions Bank filed an opposition to the instant motion.[13]

## II. Parties' Arguments

### A.   *Johnson's Arguments in Support of the Motion to Remand*

Johnson argues that this case should be remanded to state court because this Court lacks

---

[6] *Id.* at 3.

[7] *See id.*

[8] *Id.*

[9] *See id.* at 4.

[10] *Id.*

[11] Rec. Doc. 1.

[12] Rec. Doc. 13.

[13] Rec. Doc. 15.

diversity jurisdiction over the case.[14] Johnson contends the amount in controversy does not exceed the $75,000 jurisdictional threshold under 28 U.S.C. § 1332.[15] Johnson notes the only document in the record regarding damages is the Petition—which does not allege a specific amount of damages.[16] He consequently concludes that Regions Bank cannot prove the amount in controversy exceeds $75,000.[17] In any event, Johnson attaches a stipulation, dated April 15, 2020, to the instant motion stating that this case's amount in controversy does not exceed $75,000.[18]

B.  *Regions Bank's Arguments in Opposition to the Motion to Remand*

Regions Bank makes three principal arguments in opposition to the instant motion.[19] First, Regions Bank argues it is facially apparent that the amount in controversy exceeds $75,000.[20] Regions Bank notes that Johnson's arrest allegedly resulted in the following damages: "(1) attorney's fees, (2) expungement fees, (3) jail time; (4) embarrassment; (5) loss of income; (6) humiliation; (7) car impound fees; (8) loss of quality of life; (9) mental anguish; and (10) other damages which may be proven at trial."[21] Johnson's arrest allegedly also caused him to lose a second job delivering food.[22] Based on these allegations, Regions Bank concludes it is facially

---

[14] Rec. Doc. 13-1.

[15] *Id.* at 1.

[16] *Id.* at 4.

[17] *Id.* Johnson also notes that Regions Bank has filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12. *Id.* Johnson argues that motion to dismiss is premature due to the lack of discovery in this case. *Id.* at 4–5.

[18] Rec. Doc. 13-3.

[19] Rec. Doc. 15.

[20] *Id.* at 3.

[21] *Id.*

[22] *Id.* at 4.

apparent that the amount in controversy exceeds $75,000.[23]

Second, Regions Bank argues that the preponderance of evidence shows the amount in controversy exceeds $75,000.[24] Regions Bank points out that Johnson requested more than $1,300,000 in a pre-petition settlement demand letter dated October 22, 2019.[25] Regions Bank also points out that Johnson's motion to remand neither mentions the $1,300,000 settlement demand letter nor claims the demand was inflated.[26] Regions Bank concludes the settlement demand letter requesting more than $1,300,000 suffices to show the amount in controversy exceeds $75,000.[27]

Finally, Regions Bank contends that a remand is appropriate only if Johnson establishes with "legal certainty" that his recovery will not exceed $75,000.[28] Johnson attempts to meet that burden by providing a post-removal stipulation stating his damages do not exceed $75,000. But Regions Bank contends the post-removal stipulation is too late and insufficient because a litigant must file such a stipulation *before* a defendant removes the case to federal court.[29] Therefore, according to Regions Bank, Johnson's post-removal stipulation regarding the amount in controversy cannot divest this Court of diversity jurisdiction.[30]

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* at 5.

[27] *Id.*

[28] *Id.* at 6.

[29] *Id.*

[30] *Id.* Regions Bank also argues that its motion to dismiss in this case is not premature. *Id.* at 8. Regions Bank contends that discovery is not needed to determine whether Johnson's Petition states a valid claim for relief. *Id.* at 9.

### III. Legal Standard

A defendant generally may remove a state court civil action to federal court when the federal court has original jurisdiction over the action.[31] A federal court has original jurisdiction over an action when the case "is between citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000."[32] "[T]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper."[33] When determining whether diversity jurisdiction is present, a federal court considers "the claims in the state court petition as they existed at the time of removal."[34]

### IV. Law and Analysis

Johnson submits that this Court lacks diversity jurisdiction over this case under 28 U.S.C. § 1332.[35] A federal court has diversity jurisdiction only if the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000.[36] The parties in this case do not contest whether complete diversity of citizenship exists.[37] Instead, the parties contest whether the amount in controversy exceeds $75,000.[38]

To determine the amount in controversy, the Fifth Circuit instructs district courts to "consult

---

[31] 28 U.S.C. § 1441(a).

[32] 28 U.S.C. § 1332(a)(1).

[33] *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

[34] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[35] Rec. Doc. 13-1.

[36] 28 U.S.C. § 1332.

[37] Rec. Doc. 13-1; Rec. Doc. 15.

[38] Rec. Doc. 13-1; Rec. Doc. 15.

the state court petition."[39] Yet "Louisiana prohibits plaintiffs from petitioning for a specific monetary amount."[40] As a result, a defendant seeking removal from Louisiana state court to federal court bears the burden to prove the amount in controversy exceeds $75,000 by a preponderance of evidence.[41] This burden may be satisfied either by (1) showing it is "apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment type evidence" that the plaintiff's claims exceed $75,000.[42] If the defendant satisfies this burden, the plaintiff may defeat removal only by establishing with legal certainty that his or her claims do not exceed $75,000.[43]

This Court will now analyze whether Regions Bank met its initial burden to prove the amount in controversy exceeds $75,000. If Regions Bank satisfies its initial burden, the Court will analyze whether Johnson can establish with legal certainty that his claims do not exceed $75,000 and thus defeat removal.

A. **Whether Regions Bank Demonstrates the Amount in Controversy Exceeds $75,000 by a Preponderance of the Evidence**

Regions Bank contends it is facially apparent that Johnson's claims exceed $75,000. Regions Bank also contends that "summary-judgment type evidence" shows Johnson's claims exceed $75,000.[44] As previously mentioned, when a petition does not allege a specific amount

---

[39] *Manguno*, 276 F.3d at 723.

[40] *Id.* (citing La. Code Civ. P. art 893(A)(1)). Article 893 provides: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."

[41] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[42] *Manguno*, 276 F.3d at 723.

[43] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

[44] Rec. Doc. 15 at 3–5.

of damages, as here, a removing defendant must show either (1) it is "apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment type evidence" that the plaintiff's claims exceed $75,000.[45]

In this case, the Court need not delve into whether it is facially apparent Johnson's claims exceed $75,000 because Regions Bank provides sufficient "summary-judgment type evidence" to show his claims exceed $75,000. That evidence includes a settlement demand letter from Johnson requesting more than $1,300,000, which Johnson sent to Regions Bank before the instant suit was filed.[46] The Fifth Circuit commonly considers such settlement demand letters as relevant summary-judgment type evidence for the amount in controversy.[47] Johnson neither mentions the $1,300,000 settlement demand nor argues the demand was inflated.[48] Therefore, by pointing to Johnson's settlement demand letter, Regions Bank has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

B.   **Whether Johnson Demonstrates with Legal Certainty that his Claims are Worth Less than $75,000**

Johnson may defeat removal only if he establishes with legal certainty that his claims do

---

[45] *Manguno*, 276 F.3d at 723.

[46] Rec. Doc. 15-1.

[47] *See Thompson v. Acceptance Indem. Ins. Co.*, No. 14–1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014) ("[I]t can be inferred from several Fifth Circuit cases that such practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.") (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002)); *see also Pollet v. Sears Roebuck and Co.*, 46 Fed. App'x 226 (5th Cir. 2002); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Johnson v. Macy's Dep't Store*, No. 14–226, 2014 WL 5822788, at *4 (M.D. La. Nov. 10, 2014); *Broussard v. Celebration Station Prop., Inc.*, No. 13–531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014); *Lafayette City–Parish Consol. Gov't v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, at *6 (W.D. La. Sept. 23, 2011) (citations omitted) ("It can be inferred from several Fifth Circuit cases that pre-petition settlement demand letters can be considered as relevant summary judgment-type evidence of the amount [in] controversy.").

[48] Rec. Doc. 13-1.

7

not exceed $75,000.[49] Johnson attempts to meet this burden by attaching a post-removal stipulation to the instant motion.[50] Johnson explicitly stipulates that his damages in this case "do not exceed $75,000 exclusive of interests and cost[s]."[51]

Before a case is removed to federal court, a plaintiff may prevent removal by filing a binding stipulation that establishes with "legal certainty" the amount in controversy does not exceed $75,000.[52] The stipulation must occur pre-removal because post-removal stipulations generally do not have any effect.[53] Post-removal stipulations may be considered only if the basis for jurisdiction was ambiguous at the time of removal.[54] Indeed, once the district court's jurisdiction is established, subsequent events reducing the amount in controversy will not divest the distrct court of diversity jurisdiction.[55]

In this case, the Court declines to consider Johnson's post-removal stipulation for two reasons. First, the stipulation was filed days after removal, not while the case was pending in state court. Second, jurisdiction was not ambiguous at the time of removal because Johnson's pre-petition settlement demand letter—requesting more than $1,300,000—established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Johnson's stipulation fails to establish with legal certainty that his claims do not exceed $75,000.

---

[49] *De Aguilar*, 47 F.3d at 1409.

[50] Rec. Doc. 13-3.

[51] *Id.*

[52] *De Aguilar*, 47 F.3d at 1412.

[53] *Gebbia v. Wal Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[54] *Id.*

[55] *Id.*

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Nicholas Johnson's "Motion to Remand"[56] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __6th__ day of May, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[56] Rec. Doc. 13.