**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

NICHOLAS JOHNSON                                    CIVIL ACTION

VERSUS                                             NO. 20-533

REGIONS BANK et al.                                SECTION: "G"(2)

**ORDER AND REASONS**

In this litigation, Plaintiff Nicholas Johnson ("Johnson") brings a negligence claim under Louisiana law against Defendant Regions Bank ("Regions Bank").[1] Pending before the Court is Regions Bank's "Motion to Dismiss Pursuant to Rule 12(b)(6)."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

**I. Background**

On July 15, 2018, Johnson and David Taylor ("Taylor") allegedly traveled to Regions Bank to withdraw money from Taylor's bank account.[3] Johnson alleges that he withdrew exactly $40 from Taylor's bank account.[4] Johnson asserts that he withdrew the $40 from an ATM located near Regions Bank's front-door entrance.[5]

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 3.

[3] Rec. Doc. 1-1 at 4.

[4] *Id.*

[5] *See id.*

Meanwhile, on July 19, 2018, Cain Olson ("Olson") allegedly informed the Kenner Police Department that a person stole $800 from his bank account at Regions Bank.[6] The Kenner Police Department allegedly investigated Olson's bank-fraud claim.[7] Johnson contends that the investigation resulted in the Kenner Police Department requesting video camera footage from Regions Bank.[8]

Yet Johnson contends that Regions Bank incorrectly sent the video footage of Johnson withdrawing $40 from Taylor's bank account on July 15, 2018.[9] The Kenner Police Department allegedly relied on that incorrect video footage to falsely arrest Johnson for committing bank fraud.[10] Johnson states that his false arrest resulted in jail time, terminated employment, and several other damages.[11]

On December 23, 2019, Johnson filed a petition against Regions Bank in the 24th Judicial District Court for the Parish of Jefferson, seeking damages and attorney fees.[12] On February 14, 2020, Regions Bank removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[13]

On February 28, 2020, Regions Bank filed the instant motion pursuant to Federal Rule of

---

[6] *Id.* at 3; Rec. Doc. 28 at 2.

[7] Rec. Doc. 1-1 at 3; Rec. Doc. 28 at 2.

[8] Rec. Doc. 1-1 at 3; Rec. Doc. 28 at 2.

[9] *See* Rec. Doc. 1-1 at 3.

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.*

[13] Rec. Doc. 1.

Civil Procedure 12(b)(6).[14] On May 7, 2020, Johnson filed an opposition to the instant motion.[15] On May 20, 2020, Regions Bank filed a reply memorandum in further support of the instant motion.[16] On June 12, 2020, Johnson filed a supplemental opposition to the instant motion.[17] On June 15, 2020, Regions Bank filed a supplemental reply in further support of the instant motion.[18]

## II. Parties' Arguments

### A.    *Regions Bank's Arguments in Support of the Motion*

Regions Bank argues that Johnson fails to state a valid negligence claim for three reasons.[19] First, Regions Bank argues that Johnson's negligence claim must be dismissed because of Louisiana's public policy doctrine.[20] Regions Bank contends that Louisiana's public policy doctrine considers certain information to be "conditionally privileged."[21] In support, Regions Bank points to the Louisiana Supreme Court's opinion in *Kennedy v. Sheriff of East Baton Rouge*.[22] That defamation case apparently recognized a private citizen's report to the police to be "conditionally privileged."[23] Regions Bank contends that its alleged actions—handing over incorrect video footage to the Kenner Police Department—is protected by the conditional

---

[14] Rec. Doc. 3.

[15] Rec. Doc. 18.

[16] Rec. Doc. 23.

[17] Rec. Doc. 28.

[18] Rec. Doc. 29.

[19] Rec. Doc. 3-1.

[20] *Id.* at 5.

[21] *Id.* at 6.

[22] *Id.*

[23] *Id.*

privilege explained in *Kennedy*.[24]

Second, Regions Bank argues that Johnson cannot prove that Regions Bank owed him a legal duty.[25] In support, Regions Bank points to the Louisiana Credit Agreement Act.[26] That statute supposedly "dictates that banks do not owe customers or third-parties any independent duty of care" unless the bank has a fiduciary duty to the customer or third party.[27] Regions Bank claims that it does not have a fiduciary duty to any customer or third party unless "expressly set forth in a written agency or trust agreement."[28] Under these principles, Johnson supposedly cannot prove the duty element because he neither alleges a written agency agreement nor a customer relationship with Regions Bank.[29]

Third, Regions Bank argues that Johnson cannot prove Regions Bank's actions legally caused his alleged injuries.[30] In support, Regions Bank points to the Louisiana First Circuit Court of Appeal's opinion in *Adams v. Harrah's Bossier City Inv. Co, L.L.C.*[31] In that case, a defendant casino suspected that the plaintiff stole a $500 gambling chip from another patron and thus called the police department.[32] The police reviewed the casino's video footage and subsequently

---

[24] *Id.* at 9. Regions Bank points to the Louisiana First Circuit's opinion in *Adams v. Harrah's Bossier City Inv. Co, L.L.C.* in further support of its public policy argument. *Id.* at 6. Regions Bank also cites opinions written by the Supreme Courts in Minnesota, South Carolina, and other states. *Id.* at 7–9.

[25] *Id.* at 11.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at 12.

[30] *Id*

[31] *Id.* at 13.

[32] *Adams v. Harrah's Bossier City Inv. Co., L.L.C*, 41,468 (La. App. 2 Cir. 1/10/07), 948 So. 2d 317, 318.

arrested the plaintiff.[33] The plaintiff was charged with felony theft, but the district attorney dismissed the theft charge.[34] The plaintiff brought suit against the defendant casino for damages arising out of the arrest.[35] Yet the court granted summary judgment for the defendant casino on legal causation grounds because "the independent investigation by the police [broke] any legal causation."[36] Regions Bank requests the same outcome in this case.[37]

## B. Johnson's Arguments in Opposition to the Motion

Johnson filed a five-page opposition that quickly addresses Regions Bank's arguments in turn.[38] First, Johnson argues that the public policy doctrine in *Kennedy* is inapplicable here.[39] Johnson states that *Kennedy*'s public policy doctrine does not protect a person who reports suspected criminal activity with a reckless disregard for the truth.[40] According to Johnson, Regions Bank needed to only review the subject video footage one time to notice that Johnson withdrew $40 dollars from Regions Bank's ATM—not the $800 dollars reported in Olson's bank-fraud allegation.[41] Johnson concludes that Regions Bank handed over the video footage with a reckless disregard for the truth.[42]

---

[33] *Id.* at 318–319.

[34] *Id.* at 319.

[35] *Id.*

[36] *Id.* at 320.

[37] Rec. Doc. 3-1 at 15. Regions Bank also points to other authority, including but not limited to, the *Kennedy* opinion discussed above. *Id.* at 12.

[38] Rec. Doc. 18.

[39] *Id.* at 2.

[40] *Id.*

[41] *Id.*

[42] *Id.*

Second, Johnson argues that Regions Bank owed him a legal duty.[43] Johnson concedes that the Louisiana Credit Agreement Act provides that a financial institution does not have any fiduciary obligation to a customer or third party unless a written agreement states that the institution will act as a fiduciary.[44] Yet Johnson points out that Regions Bank owed a fiduciary duty to Taylor—a customer of Regions Bank—and consequently owed Taylor a legal duty.[45] Johnson maintains that Regions Bank's legal duty to Taylor should be extended to Johnson because he withdrew money from Taylor's bank account at Taylor's request.[46]

Third, Johnson argues that Regions Bank's actions legally caused his alleged injuries.[47] Johnson contends that each case Regions Bank cites for its legal causation argument is distinguishable.[48] For example, Regions Bank relies upon *Adams v. Harrah's Bossier City Inv. Co, L.L.C.* to argue that legal causation is not possible here.[49] In *Adams*, the police department's independent investigation broke the chain of causation between a defendant casino's inaccurate theft report and the police's eventual arrest.[50] The police in *Adams* relied on the correct video footage to conduct an independent investigation.[51]

Yet Johnson points out that Regions Bank provided *incorrect* video footage to the Kenner

---

[43] *Id.* at 3.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 4; Rec. Doc. 3-1 at 13.

[50] *Adams*, 948 So. 2d at 320.

[51] *Id.* at 318–320.

Police Department.[52] Johnson argues that Regions Bank "cannot now rely on the independent investigation of the police[] when [Regions Bank] provides the police with the wrong video and information."[53] Johnson concludes that the police's investigation did not break the chain of causation.[54]

### C.   Regions Bank's Reply in Further Support of the Motion

Regions Bank responds to the three principal arguments in Johnson's opposition.[55] First, Regions Bank concedes that *Kennedy*'s public policy doctrine—and the corollary conditional privilege—does not protect a person who reports suspected criminal activity with a reckless disregard for the truth.[56] Yet, according to Regions Bank, Johnson does not adequately plead enough facts to demonstrate that Regions Bank acted with a reckless disregard for the truth.[57] Instead, Regions Bank contends that Johnson only alleges enough facts to prove simple negligence.[58]

Second, Regions Bank argues that Johnson's opposition ignores the Louisiana Credit Agreement Act.[59] That statute apparently precludes a bank from owing a legal duty to a customer

---

[52] Rec. Doc. 18 at 4.

[53] *Id.* at 5. Johnson points to caselaw to support his position—including *Craig v. Carter*, 30,625 (La. App. 2 Cir. 9/23/98), 718 So. 2d 1068 and *LeBlanc v. Pynes*, 46,393 (La. App. 2 Cir. 7/13/11), 69 So. 3d 1273.

[54] *Id.*

[55] Rec. Doc. 23.

[56] *Id.* at 1–2.

[57] *Id.* at 3.

[58] *Id.*

[59] *Id.*

or third party unless the bank has a fiduciary duty to the customer or third party.[60] Regions Bank contends that it does not have a fiduciary duty unless "expressly set forth in a written agency or trust agreement."[61] Regions Bank maintains that Johnson fails to allege any written agency or trust agreement between Taylor (or Johnson) and Regions Bank.[62] Regions Bank concludes that Johnson fails to adequately plead Regions Bank's legal duty to him.[63]

Third, Regions Bank argues that Johnson fails to adequately plead legal causation.[64] Regions Bank argues that the Kenner Police Department's investigation into Olson's bank-fraud claim broke any chain of causation between Regions Bank's actions and Johnson's injuries.[65] Regions Bank contends that each case Johnson cites for his legal causation argument is distinguishable.[66] Regions Bank then repeats previous arguments regarding how Johnson's present case is similar to the facts in *Adams*.[67]

**D.    *Johnson's Supplemental Opposition to the Motion***

Johnson provides two succinct arguments in his supplemental opposition.[68] First, Johnson argues that *Kennedy*'s public policy doctrine is inapplicable here.[69] Johnson contends that the

---

[60] *Id.* at 4.

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *See id.*

[66] *Id.* at 4–5.

[67] *Id.*

[68] Rec. Doc. 28.

[69] *Id.* at 2.

public policy doctrine protects a person who in fact reports suspected criminal activity to the police.[70] Here, Johnson notes that Regions Bank did *not* report any suspected criminal activity to the police.[71] Instead, Olson informed the police that someone stole $800 from his bank account at Regions Bank.[72]

Second, Johnson argues that Regions Bank must be held to the same standard of care as other private citizens.[73] Johnson states that standard of care is provided by Article 2315.[74]

### E.   *Regions Bank's Supplemental Reply in Further Support of the Motion*

Regions Bank responds to the two principal arguments in Johnson's supplemental opposition.[75] First, Regions Bank argues that Johnson's attempts to distinguish *Kennedy* is contrary to public policy.[76] Regions Bank contends that the public policy doctrine should cover any citizen who provides information—regarding suspected criminal activity—to the police.[77]

Second, Regions Bank once again argues that Johnson fails to allege enough facts to show that Regions Bank acted with a reckless disregard for the truth.[78]  Regions Bank contends that Johnson at most alleges enough facts to consider Regions Bank's actions negligent.[79] Regions

---

[70] *Id.*

[71] *Id.*

[72] *Id.*

[73] *Id.* at 3.

[74] *Id.*

[75] Rec. Doc. 29.

[76] *Id.* at 2.

[77] *Id.* at 3.

[78] *Id.* at 4.

[79] *Id.*

Bank again points out that *Kennedy* considered negligent actions insufficient to overcome the public policy doctrine's "conditional privilege."[80]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[81] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[82] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[83]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[84] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[85] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[86]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[87] "[L]egal conclusions can provide the framework of a complaint, [but] they

---

[80] *Id.*

[81] Fed. R. Civ. P. 12(b)(6).

[82] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[83] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[84] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[85] *Id.*

[86] *Id.*

[87] *Iqbal*, 556 U.S. at 677–78.

must be supported by factual allegations."[88] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[89] If the factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed."[90]

## IV. Law and Analysis

Johnson brings a negligence claim under Louisiana law against Regions Bank.[91] To prevail on that claim, Johnson must prove the following five elements: "(1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages."[92]

Here, Regions Bank argues that Johnson fails to state a valid negligence claim for three reasons: (1) Regions Bank's actions are conditionally privileged under Louisiana's public policy doctrine; (2) Johnson cannot prove that Regions Bank owed him a legal duty; and (3) Johnson cannot prove that Regions Bank's actions legally caused his alleged injuries.[93] The Court will consider each issue in turn.

---

[88] *Id.* at 679.

[89] *Id.* at 678.

[90] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[91] Rec. Doc. 1-1.

[92] *Bufkin v. Felipes L'ouisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So. 3d 851, 855.

[93] Rec. Doc. 3-1.

### A.    Whether Regions Bank's Actions are Conditionally Privileged

Regions Bank argues that Johnson's negligence claim must be dismissed because its alleged actions are conditionally privileged under Louisiana law.[94] In support, Regions Bank points to the Louisiana Supreme Court's opinion in *Kennedy v. Sheriff of East Baton Rouge*.[95] On the other hand, Johnson argues that *Kennedy*'s conditional privilege is inapplicable in this matter.[96]

A brief explanation of *Kennedy* demonstrates why the conditional privilege is inapplicable here. In *Kennedy*, the plaintiff paid for his food and drinks at a restaurant with a $100 bill.[97] A restaurant employee suspected that the $100 bill was a counterfeit bill.[98] The restaurant employee reported the suspicious $100 bill to the local police.[99] The police quickly arrived at the restaurant, investigated the incident, detained the plaintiff, and then determined the $100 bill was in fact legitimate.[100]

The plaintiff sued the restaurant and its employee for defamation in state court.[101] The defendant restaurant moved for summary judgment on the ground that the employee's report of suspicious criminal activity was conditionally privileged under Louisiana law.[102] The trial court

---

[94] *Id.* at 5.

[95] *Id.*

[96] Rec. Doc. 28 at 2.

[97] *Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So. 2d 669, 673.

[98] *Id.*

[99] *Id.*

[100] *Id.*

[101] *Id.* at 674.

[102] *Id.*

granted the defendant restaurant's motion for summary judgment on privilege grounds.[103] On appeal, Louisiana's First Circuit Court of Appeal reversed the trial court's summary judgment decision.[104] The Louisiana Supreme Court granted certiorari to address the plaintiff's defamation claim.[105]

Specifically, the court granted certiorari "to consider whether a private individual is entitled to a conditional or qualified privilege *when the individual reports suspected criminal activity* to the police . . . ."[106]   Considering that question, the court commenced by generally discussing privilege under Louisiana law:

> In Louisiana, privilege is a defense to a defamation action . . . . The doctrine of privilege rests upon the notion that sometimes, as a matter of public policy, in order to encourage the free communication of views in certain defined instances, one is justified in communicating defamatory information to others without incurring liability . . . . Privileged communications are divided into two general classes: (1) absolute; and (2) conditional or qualified.[107]

The "conditional or qualified privilege" protects communications that either vindicate or further an interest "sufficiently important to justify some latitude for making mistakes so *that publication of defamatory statements* is deemed to be [privileged]."[108] With that purpose in mind, the court approved a two-step test in *Kennedy* to determine whether a communication is conditionally privileged.[109] First, as a question of law, the court must determine "whether the

---

[103] *Id.*

[104] *Id.*

[105] *Id.*

[106] *Id.*

[107] *Id.* at 681.

[108] *Id.*

[109] *Id.* at 682.

attending circumstances of a communication occasion a [conditional] privilege."[110] Second, as a question of fact, it must be determined whether the plaintiff proved the "defendant/publisher" understood "the defamatory statement to be false[] or acted with a reckless disregard as to its truth."[111]

The court in *Kennedy* applied the two-step test to the facts before the court.[112] First, the court determined that the conditional privilege "clearly applie[d]" in *Kennedy* because the restaurant employee "reported circumstances involving a matter affecting the public interest—the possible commission of a crime."[113] Second, the court in *Kennedy* determined that the plaintiff proved only that the restaurant employee acted negligently when reporting the $100 bill as counterfeit.[114] For that reason, the court held that the employee's report regarding the $100 bill was conditionally privileged.[115] Accordingly, the plaintiff's defamation action could not proceed to trial.[116] Summary judgment was appropriate.[117]

In the present case, Regions Bank repeatedly points to *Kennedy* as support.[118] Yet it is unclear how *Kennedy* is applicable to the instant matter.  This case is distinguishable for several key reasons. First, Johnson does not bring a defamation action against Regions Bank. Second,

---

[110] *Id.*

[111] *Id.* at 687.

[112] *Id.* at 683.

[113] *Id.*

[114] *Id.* at 687–88.

[115] *Id.* at 689.

[116] *Id.*

[117] *Id.*

[118] *See generally* Rec. Doc. 3-1; Rec. Doc. 23; Rec. Doc. 29.

Johnson does not assert that Regions Bank reported criminal activity to the Kenner Police Department.[119] Third, Johnson does not allege that Regions Bank made any *statement* or *communication* to the police that qualifies for any privilege. Finally, Johnson does not allege that any person incorrectly reported criminal activity to the police.[120]

Regions Bank appears to argue that the conditional privilege recognized in *Kennedy* should be extended to protect any third party's negligent actions when assisting a criminal investigation.[121] *Kennedy* does not stand for such a broad and sweeping proposition. The Louisiana Supreme Court decided *Kennedy* in 2006.[122] Regions Bank does not cite a single case applying the conditional privilege recognized in *Kennedy* to a negligence action where a defendant is alleged to have merely assisted in a criminal investigation.[123] Accordingly, Regions Bank has not established that this matter should be dismissed based on any conditional privilege.

**B.    *Whether Johnson Adequately Alleges that Regions Bank Owed Him a Legal Duty***

Regions Bank argues that Johnson cannot prove that Regions Bank owed him a legal duty.[124] In support, Regions Bank points to the Louisiana Credit Agreement Act ("LCA").[125] According to Regions Bank, the LCA "dictates that banks do not owe customers or third-parties any independent duty of care" unless the bank has a fiduciary duty to the customer or third

---

[119] Rec. Doc. 1-1. Johnson does not contest that Olson's bank fraud claim to the Kenner Police Department was false. *Id.*

[120] *Id.*

[121] *See* Rec. Doc. 29.

[122] *Kennedy*, 935 So. 2d at 669.

[123] *See generally* Rec. Doc. 3-1; Rec. Doc. 23; Rec. Doc. 29.

[124] Rec. Doc. 3-1 at 11.

[125] *Id.*

party.[126] Regions Bank claims that it does not have a fiduciary duty to any customer or third party unless "expressly set forth in a written agency or trust agreement."[127]

The LCA is found in Louisiana Revised Statute § 6:1121 ("La. R.S. 6:1121") and subsequent sections. The LCA operates as a "statute of frauds" for the credit industry.[128] Indeed, the LCA's purpose is "to prevent potential borrowers from bringing claims against lenders based on oral agreements."[129] For instance, La. R.S. 6:1122 provides that "[a] debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." La R.S. 6:1121 defines a "debtor" as "a person or entity that obtains credit or seeks a credit agreement with a creditor or who owes money to a creditor." La. R.S. 6:1121 also defines "credit agreement" as "an agreement to lend or forbear repayment of money or goods or to otherwise extend credit[] or make any other financial accommodation."

La. R.S. 6:1123 then states that the following actions "shall not give rise to a claim that a new credit agreement is created, unless the agreement satisfies the requirements of [La.] R.S. 6:1122":

(1) The rendering of financial or other advice by a creditor to a debtor.

(2) The consultation by a creditor with a debtor.

(3) The agreement of a creditor to take or not to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under

---

[126] *Id.*

[127] *Id.* On the other hand, Johnson argues that Regions Bank must be held to the same standard of care as other private citizens. Rec. Doc. 28 at 3. Johnson states that the standard of care is provided by Article 2315. *Id.*

[128] *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 469 (5th Cir. 2006) (quoting *King v. Parish Nat'l Bank*, 885 So.2d 540, 546 (La. 2004)).

[129] *Id.* (quoting *Jesco Const. Corp. v. Nationsbank Corp.*, 830 So.2d 989, 992 (La. 2002)).

a prior credit agreement, or extending installments due under a prior credit agreement.[130]

Finally, La R.S. 6:1124—the LCA provision relied upon by Regions Bank—reads as follows:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.[131]

Regions Bank's reliance on the LCA in this case is misplaced for multiple reasons. First, Johnson cannot be considered a "debtor" under La R.S. 6:1121. He neither alleges that he obtained credit from Regions Bank nor alleges that he sought a credit agreement with Regions Bank.[132] Second, the LCA simply "prevent[s] potential borrowers from bringing claims against lenders based on oral agreements."[133] Johnson never mentions any oral agreement between him and Regions Bank.[134]

Regions Bank asserts that the LCA shields it from having any legal tort duty to any customer or third party unless the bank has a fiduciary duty with the customer or third party in connection with the LCA. Multiple courts have held that the LCA does not "render[] a financial institution immune from any and all liability arising from its business operations, including business operations that occur outside of the parameters of a credit agreement as defined in La R.S. 6:1121."[135] Accordingly, Regions Bank has not established that the LCA precludes liability

---

[130] La. Rev. Stat. § 6:1123.

[131] *Id.* § 6:1124.

[132] Rec. Doc. 1-1.

[133] *EPCO*, 467 F.3d at 469 (quoting *Jesco*, 830 So.2d at 992).

[134] Rec. Doc. 1-1.

[135] *Loraso v. JP Morgan Chase Bank, N.A.*, No. CIV.A. 13-4734, 2013 WL 5755638, at *7 (E.D. La. Oct. 23, 2013); *see also St. Landry Homestead Fed. Sav. Bank v. Vidrine*, (La. App. 3 Cir. 6/12/13), 118 So.3d 470, 486); *BizCapital Bus. & Indus. Dev. Corp. v. Union Planters Corp.*, 2003-2208 (La. App. 4 Cir.

for the negligent acts alleged here, which are unrelated to a credit agreement.

**C.      *Whether Johnson Adequately Alleges that Regions Bank's Actions Legally Caused his Injuries***

Regions Bank argues that Johnson cannot prove Regions Bank's actions legally caused his injuries.[136] Specifically, Regions Bank argues that the Kenner Police Department's investigation into Olson's bank fraud claim broke any chain of causation between Regions Bank's actions and Johnson's injuries.[137] On the other hand, Johnson argues that Regions Bank cannot "rely on the independent investigation of the police[] when [Regions Bank] provide[d] the police with the wrong video and information."[138]

Louisiana courts have addressed legal causation in factual scenarios involving a police investigation. In certain cases, "there may not have been enough of an intervening police investigation to break the chain of causation."[139] Consider the Louisiana Second Circuit Court of Appeal's opinion in *Leblanc v. Pynes*. There, a short-term loan company employed the plaintiffs.[140] The company's manager believed that the plaintiffs stole money from the company with bogus loans.[141] The manager contacted the police and provided inaccurate statements to the police.[142] The police investigated the plaintiffs' purported theft, but the police nonetheless

---

9/8/04), 884 So. 2d 623, 627.

[136] Rec. Doc. 3-1 at 12.

[137] *See id.*

[138] Rec. Doc. 18 at 5.

[139] *LeBlanc*, 69 So. 3d at 1277.

[140] *Id.*

[141] *Id.* at 1278.

[142] *Id.*

appeared to solely rely on the manager's misinformation.[143] The police arrested the plaintiffs, but the district attorney dismissed all charges.[144] The plaintiffs brought a malicious prosecution claim against the manager in state court.[145]

The defendant manager argued that she did not legally cause the plaintiffs' arrest and subsequent injuries.[146] Specifically, the defendant manager argued that the police's independent investigation broke any chain of causation between the defendant manager's report and the plaintiffs' arrest.[147] The Louisiana Second Circuit Court of Appeal disagreed. The court found that the police department's investigation did not break the chain of causation because it solely relied on the defendant manager's misinformation.[148]

On the other hand, an independent police investigation may break a chain of causation in certain circumstances. The Louisiana Second Circuit Court of Appeal's decision in *Adams v. Harrah's Bossier City Investment Company L.L.C.* is illustrative.[149] In that case, a casino's employees accused the plaintiff of stealing a $500 gambling chip from another patron.[150] The casino's employees reviewed the correct video footage and subsequently concluded that the

---

[143] *Id.* at 1281.

[144] *Id.* at 1278.

[145] *Id.*

[146] *See id.* at 1281.

[147] *See id.*

[148] *Id.*

[149] *Adams*, 948 So. 2d at 317.

[150] *Id.* at 318.

plaintiff stole the $500 chip.[151] The casino's employees notified the police department.[152] The police arrived at the casino, brought the plaintiff to a security office, interviewed the plaintiff, reviewed the correct video footage, concluded that the plaintiff stole the $500 chip, and arrested the plaintiff.[153]

The district attorney eventually dismissed all charges against the plaintiff.[154] The plaintiff responded with a false arrest claim against the casino and its employees.[155] The casino argued that the police's independent investigation broke the chain of causation between the employees' report and the plaintiff's arrest.[156] The Louisiana Second Circuit Court of Appeal agreed. The court noted that the police officers "viewed the [correct] video recording and arrived at a decision to arrest" the plaintiff independent of the casino's report.[157]

While Johnson analogizes the present case's facts to *Leblanc*, Regions Bank states the present case is more similar to *Adams*.[158] In the Petition, Johnson alleges that Regions Bank's actions—providing the incorrect video footage to the Kenner Police Department—caused his arrest and subsequent damages.[159] Regions Bank responds that the Kenner Police Department's investigation broke the chain of causation between Regions Bank's actions and Johnson's

---

[151] *Id.*

[152] *Id.*

[153] *Id.* at 318–319.

[154] *Id.* at 319.

[155] *Id.*

[156] *See id.* at 320.

[157] *Id.*

[158] Rec. Doc. 3-1 at 13; Rec. Doc. 18 at 5.

[159] Rec. Doc. 1-1 at 4–5.

arrest.[160] These allegations result in a factual dispute. The Court must accept Johnson's well-pleaded facts as true at the motion to dismiss stage.[161] Accordingly, Johnson has pleaded enough facts to demonstrate legal causation under Louisiana law.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Regions Bank's "Motion to Dismiss Pursuant to Rule 12(b)(6)"[162] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __1st__ day of July, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[160] Rec. Doc. 3-1 at 15.

[161] *Iqbal*, 556 U.S. at 677–78.

[162] Rec. Doc. 3.